# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GEORGE URCHISON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-136-RAW |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff George Urchison, Jr. (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 25, 1955 and was 54 years old at the time of the ALJ's decision. Claimant completed his education through the eighth grade with some vocational training as a mechanic. Claimant has worked in the past as a diesel mechanic. Claimant alleges an inability to work beginning June 1, 2003 due to

3

limitations resulting from pain in his chest, neck, left shoulder, left arm, left hand, middle and lower back, hips, and legs.

## Procedural History

On June 12, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On April 28, 2010, a video administrative hearing was held before ALJ Michael Kirkpatrick in McAlester, Oklahoma. On May 13, 2010, the ALJ issued an unfavorable decision on Claimant's applications. On January 23, 2012, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of medium work.

## Errors Alleged for Review

Claimant first contends Defendant failed to submit a complete

record for review. He states that he has included the allegedly omitted report to his brief. In regard to the ALJ's decision, Claimant asserts the ALJ committed error in: (1) omitting significant impairments from his step two analysis; (2) reaching an improper RFC determination; (3) engaging in an improper credibility determination; and (4) improperly applying the grids.

**Step Two Evaluation**

In his decision, the ALJ found Claimant suffered from the severe impairments of degenerative disc disease and generalized arthritis. (Tr. 15). He determined Claimant retained the RFC to perform medium work, retaining an RFC to lift and/or carry 50 pounds occasionally and 25 pounds frequently, stand and/or walk six hours out of an eight hour workday, and sit for six hours out of an eight hour workday. (Tr. 15). The ALJ applied the grids in finding Claimant to be not disabled during the relevant period. (Tr. 21).

Claimant contends the ALJ did not properly consider Claimant's respiratory and possible cardiac impairments at step two. The evidence on any respiratory problems begins with an evaluation on March 31, 2010 when he visited the Stigler Health & Wellness Center. The physician's assistant on duty found Claimant had normal respiratory effort with decreased breath sounds bilaterally,

mild expiratory wheeze with forced expiration heard throughout both lung fields, moist rales heard posteriorly at the base of both lungs. (Tr. 253). Claimant experienced atypical chest discomfort. He was referred to cardiology for probable exertional angina. Regular rhythm and rate with no murmurs, gallops, rubs, or abnormal heart sounds was noted. He was also prescribed an albuterol inhaler. Id.

On April 14, 2010, Claimant reported back to the Center. He stated his chest pain was improved but he continued to have decreased breath sounds bilaterally. He was ordered to continue the albuterol. Chest x-rays indicated signs of emphysema, but no other acute abnormalities. (Tr. 261-62).

At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors

as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988). The burden of showing a severe impairment is "de minimis," yet the presence of a medical condition alone is not sufficient at step two. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28.

A claimant's testimony alone is insufficient to establish a severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

Claimant did not assert any limitations based upon respiratory

7

or cardiac conditions in his testimony at the hearing or in the various reports he made setting forth his medical conditions. Further, the reports from the Center do not indicate a severity such that his ability to perform basic work functions would be affected.

Claimant then submits a report with his brief from August 6, 2010, some three months after the ALJ issued his decision, from Dr. Terry Hoyt indicating Claimant suffers from COPD. Consideration of this report would be inappropriate given the time frame under which it was submitted and the fact that these conditions and any resulting impairments were not identified prior to the issuance of the ALJ's decision. Wall v. Astrue, 561 F.3d 1048 (10th Cir. 2009). As a result, this Court finds no error in the failure to include either respiratory or cardiac conditions at step two.

### RFC Determination

Claimant contends the ALJ's conclusion that he could perform medium work is belied by the fact he suffers from persistent shoulder pain and decreased grip strength as determined by Dr. Hoyt. Dr. Hoyt's report has been excluded from consideration for the reasons stated above. Additionally, Claimant was evaluated by Dr. William Cooper on July 10, 2008. Dr. Cooper noted a history of pain and stiffness of the low back, both hips, and left shoulder with intermittent episodes of right shoulder pain and stiffness. (Tr. 235). Upon examination, Dr. Cooper found Claimant's grip

8

strength to be 5/5 bilaterally strong and firm. He was able to perform both gross and fine tactile manipulation. Finger to thumb opposition was adequate. Claimant complained of pain with range of motion testing of the left shoulder, right knee, and both hips. Claimant's knees showed no effusion or edema and were stable in all range of motion exercises. Claimant's cervical and thoracic spine was non-tender with full range of motion. Straight leg raising was negative bilaterally. Dr. Cooper diagnosed Claimant with osteoarthritis of the lumbar spine, both hips, and left shoulder with chronic low back pain secondary to osteoarthritis. (Tr. 236). Nothing from this record indicates Claimant would be unable to accomplish the RFC for medium work established by the ALJ.

Claimant also contends the ALJ should have obtained a medical source statement from the consultative examiner. When a claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be able to rely upon the claimant's counsel to present the claimant's case in a way such that all claims are adequately explored without imposing an additional duty to develop the record on the ALJ. Hawkins v. Chater, 113 F.3d 1162, 1167-1168 (10th Cir. 1997). As a result, an ALJ is not required "to order a consultative examination unless the need for one is clearly established in the record." Id. at 1168. The need for a consultative examination or medical source statement was not readily apparent given Dr. Cooper's findings. The ALJ was not

under an obligation to develop the record further in this regard.

**Credibility Determination**

Claimant challenges the ALJ's findings on his credibility. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

Claimant's testimony regarding the restrictions on his

activities and his physical condition find little support in the medical record. The ALJ performed an adequate evaluation of Claimant's testimony in light of the objective medical record and affirmatively tied his findings on credibility to the record.

### Application of the Grids

Claimant contends the ALJ should not have applied the grids to his case. The use of the grids is not appropriate unless the ALJ finds "(1) that the claimant has no significant nonexertional impairment, (2) that the claimant can do the full range of work at some RFC level on a daily basis, and (3) that the claimant can perform most of the jobs in that RFC level." Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993). Furthermore, "the mere presence of a nonexertional impairment does not automatically preclude reliance on the grids." Channel v. Heckler, 747 F.2d 577 at 582 n.6 (10th Cir. 1984). The presence of nonexertional impairments precludes reliance on the grids only to the extent that such impairments limit the range of jobs available to the claimant. Id.

In this case, Claimant has not alleged the presence of a nonexertional impairment but rather that his physical problems preclude his ability to perform at a medium level of work. This contention, first, is rejected in its basic premise as reflected in this Opinion and, second, does not preclude the application of the grids. As a result, this Court attributes no error to the ALJ's

11

use of the grids in his finding of non-disability.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 4th day of January, 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE